United States District Court
Southern District of Texas
**ENTERED**
May 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YAHYA SAFI,<br>　　*Petitioner,*<br><br>v.<br><br>PAMELA BONDI,<br>MARKWAYNE MULLIN,<br>MARCOS CHARLES,<br>MIGUEL VERGARA,<br>US IMMIGRATION AND CUSTOMS<br>ENFORCEMENT (ICE),<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>JAVIER ALEMAN,<br>and TODD M. LYONS, ACTING<br>DIRECTOR, UNITED STATES<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT;<br>　　*Respondents.* | § § § § § § § § § § § § § § § § § § § § | Civil No. 5:26-cv-00483 |

## <u>ORDER</u>

Petitioner's Petition for Writ of Habeas Corpus, Dkt. No. 1, and Respondents'

Motion for Summary Judgment, Dkt. No. 10, with Petitioner's Responses, Dkt. Nos. 11–

12, were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1).  Dkt. No. 13.  Respondents are **ORDERED** to supplement their Motion for

Summary Judgment, Dkt. No. 10, by **May 19, 2026**, notifying the Court whether there are

any updates on their attempts to facilitate Petitioner's removal to a third country.  Should

Petitioner wish to supplement his response, Dkt. No. 12, he may file a supplement by no

later than **May 26, 2026**.  To develop the factual record in this case and to aid the Court's consideration, the parties are **ORDERED** to attend a Motions Hearing before the undersigned on **May 29, 2026, at 1:30 p.m., by Zoom**.  Counsel may choose to appear in person or by Zoom, but counsel shall inform opposing counsel in writing if they intend to appear in person no later than **May 22, 2026**.  Zoom information will be sent to the parties prior to the hearing.

As a threshold matter, the Court finds that Respondents' delay in filing their Motion for Summary Judgment constituted excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(b). Accordingly, Respondents' Motion for Leave to File Response, Dkt. No. 9, is **GRANTED**. The parties should thus be prepared to argue Respondents' Motion for Summary Judgment at the hearing.  Additionally, Petitioner should be prepared to provide good reason why he is unlikely to be removed in the reasonably foreseeable future.  *See Adrade v. Gonzales*, 459 F. 3d 538, 543–44 (5th Cir. 2006) (holding that immigration habeas petitioners subject to a final order of removal must present more than "conclusory statements" to meet their burden of proof that they are unlikely to be removed in the reasonably foreseeable future). Respondents should be prepared to address whether they have identified a suitable third-party country that will accept Petitioner, such that Petitioner may be removed in the reasonably foreseeable future.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that once the petitioner has made their showing, the burden shifts to the government to prove that the petitioner is likely to be removed in the reasonably foreseeable future). Specifically, Respondents should be prepared with evidence of the recent steps taken to effectuate Petitioner's successful removal.

IT IS SO ORDERED

Signed this May 12, 2026, in Laredo, Texas.

Diana Song Quiroga
United States Magistrate Judge